UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
00 APR 21 PM 3:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

PEAT, INC.,          )
                     )
    Plaintiff,       )
                     )
vs.                  ) Civil Action No. CV-99-S-2553-NE
                     )
VANGUARD RESEARCH, INC., )
                     )
    Defendant.       )

ENTERED
APR 21 2000

## MEMORANDUM OPINION

This action is before the court on defendant's motion for stay pending appeal (Doc. No. 39). Upon consideration of the motion, defendant's supporting memorandum, and plaintiff's response, this court concludes the motion is due to be granted.

### I. BACKGROUND

This court entered an order dismissing plaintiff's "Phase I" claims without prejudice on March 7, 2000 (Doc. No. 34). That order also required plaintiff to file an amended complaint, which focused only on its "Phase II" claims. The basis for those findings was elaborated upon in a memorandum opinion that accompanied the order (Doc. No. 33). The court concluded in that opinion that plaintiff's "Phase I" claims should be distinguished from "Phase II" claims, because plaintiff's "Phase I" claims may be subject to mandatory arbitration under an agreement executed by the parties. The court further noted that plaintiff's "Phase II"

48

claims should proceed in this forum, because they were not subject to mandatory arbitration. "Without encroaching upon the District of Columbia district court's ability to construe the arbitration clause in the 'Phase I' subcontract, this court can definitively say that 'Phase II' claims do not fall within the ambit of that provision."[1]  The court dismissed plaintiff's "Phase I" claims without prejudice on another ground, the "first to file" rule, because a federal district court in the District of Columbia was initially presented with the issue of whether "Phase I" claims were subject to binding arbitration, *i.e.*, the exact scope of the arbitration clause pertaining to plaintiff's "Phase I" claims should be decided by the District of Columbia district court.[2] Conversely, plaintiff's "Phase II" claims operated independently from any arbitration considerations, in light of the all the documents executed by the parties.

This court entered the above-referenced memorandum opinion and order in response to defendant's motion to dismiss, transfer, or stay (Doc. No. 6). Among other grounds, defendant argued that a stay of this action was warranted pursuant to 9 U.S.C. § 3, which provides:

---

[1] Doc. No. 33, at 30.

[2] *See id.* at 26-30.

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The court denied defendant the relief requested under 9 U.S.C. § 3, based on its conclusion that plaintiff's "Phase II" claims did not present "any issue referable to arbitration under an agreement in writing for such arbitration." *Id*.

Defendant then filed an interlocutory appeal with the United States Court of Appeals for the Eleventh Circuit pursuant to 9 U.S.C. § 16(a)(1)(A), which provides that "[a]n appeal may be taken from an order refusing a stay of any action under section 3 of this title." 9 U.S.C. § 16(a)(1)(A). Defendant contends this court erred in concluding that the arbitration agreement relating to plaintiff's "Phase I" claims has no application whatsoever to plaintiff's "Phase II" claims.

## II. DISCUSSION

After filing its interlocutory appeal, defendant requested a stay of further proceedings in this action until the Eleventh Circuit rendered a decision regarding the arbitrability of

plaintiff's "Phase II" claims. Defendant initially contends that a stay is proper under the so-called "divestiture rule," which provides that a non-frivolous appeal instituted pursuant to 9 U.S.C. § 16 requires a stay of all district court proceedings until the appeal is decided. *See Bradford-Scott Data Corporation v. Physician Computer Network, Inc.*, 128 F.3d 504, 505-06 (7th Cir. 1997) (noting that "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals"); *Baron v. Best Buy Company, Inc.*, 79 F. Supp. 2d 1350, 1352-54 (S.D. Fla. 1999) (noting that application of "divestiture rule" is a question of first impression in the Eleventh Circuit, and adopting the analysis of the Seventh Circuit in *Bradford-Scott*). *But see Britton v. Co-op Banking Group*, 916 F.2d 1405, 1411-12 (9th Cir. 1990) (disapproving of "divestiture rule," primarily because it encourages the filing of frivolous appeals). In short, defendant contends that because its appeal is not frivolous, the "divestiture rule" should apply. *See Baron*, 79 F. Supp. 2d at 1354 (noting that a claim is not frivolous if it is colorable, which means having some potential validity) (citing *Richardson v. United States*, 468 U.S. 317, 322, 104 S.Ct. 3081, 3084, 82 L.Ed.2d 242 (1984)).

Even if this court opts not to adopt the "divestiture rule," defendant contends this court should conduct a balancing test to determine whether a stay is proper.

> To obtain a stay of a district court's judgment, the appellant must establish irreparable harm and a significant probability of success on the merits, against a background norm that appellate courts are reluctant to disturb decisions in advance of full review.

*Bradford-Scott*, 128 F.3d at 505 (citations omitted). *See also Satcom International Group PLC v. Orbcomm International Partners, L.P.*, 55 F. Supp. 2d 231, 235 n.2 (S.D.N.Y. 1999) (in exercising discretion whether to stay an action in lieu of an appeal under 9 U.S.C. § 16, court should analyze appellant's likelihood of success on merits, threat of irreparable injury, harm to other parties, and public policy). Defendant contends a stay is appropriate based on all the relevant factors here.

Plaintiff asserts a stay is not warranted even if the "divestiture rule" applies, because defendant's appeal under 9 U.S.C. § 16 is frivolous. If this court opts not to employ the "divestiture rule," plaintiff argues that the balance of factors weighs against entering a stay.

Upon review of the relevant authorities, this court finds that the "divestiture rule" is the better approach in the context of 9 U.S.C. § 16. Accordingly, this court adopts the analysis of the

5

Seventh Circuit in *Bradford-Scott* and the Florida district court in *Baron*. Further, this court cannot conclude that defendant's appeal is frivolous. *See Baron*, 79 F. Supp. 2d at 1354 (distinguishing fact that appellant may face an "uphill battle" on appeal from an appeal that is clearly frivolous). Given the strong federal policy favoring arbitration, defendant's argument that plaintiff's "Phase II" claims present issues "referable to arbitration" is at least colorable. *See Mitsubishi Motors Corporation v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985) (noting that "'[t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration'") (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983)); *Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054, 1057 (11th Cir. 1998) (noting that "[t]he FAA creates a presumption in favor of arbitrability"). *Compare Cara's Notions, Inc. v. Hallmark Cards, Inc.*, 140 F.3d 566 (4th Cir. 1998) (cited by defendant for proposition that plaintiff's "Phase II" claims are arbitrable), *with Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369 (6th Cir. 1999) (cited by plaintiff for proposition

6

that its "Phase II" claims are not arbitrable). In the event the Eleventh Circuit agrees with defendant regarding the arbitrability of plaintiff's "Phase II" claims, that finding will dramatically alter the course of the parties' litigation before this court. A stay, therefore, is necessary under the circumstances.

### III. CONCLUSION

For the foregoing reasons, defendant's motion for a stay pending appeal is due to be granted. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **21st** day of April, 2000.

_____
United States District Judge